# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 25, 1902.

A. BERNARD CHANCELLOR ET AL., RECEIVERS,
VS.
JOSEPH GOLDSTEIN AND DORA GOLDSTEIN.

*A. Bernard Chancellor* and *Julius H. Wyman* for plaintiffs.

*Thomas C. Weeks* and *Wm. Colton* for defendants.

DENNIS, J.—

At the hearing of this case I was strongly of the opinion that the plaintiff had failed to make out his contention of a fraudulent combination between the defendants and the Blums, and the money deposited to secure a bail bond for the latter was in part "their" money, although put up by the Goldsteins. But the learned counsel for the plaintiff, who had studied the case thoroughly and was so earnestly persuaded of the fraudulent combination, insisted so strongly of the guilt of the defendants in his very able and searching argument, that I postponed a decision until I could again review the case with the benefit of his argument before me. I have since done so, carefully read the stenographer's notes of the testimony of the Goldsteins, upon which his argument was so largely based (outside of the conceded fraud of the Blums in disposing of their property,) and am still unable to see that he has offered any such "proof" of fraud as to justify me in decreeing against the Goldsteins.

The proof of the fraud of the Blums in disposing of their property before their arrest was overwhelming, but it is upon the failure of the plaintiff to connect the defendant with fraud, in other words, to show that the money

they put up for the bail bond was really the money of the Blums, that compels me to render a decision of "not proven." One of the Blums, who were jointly indicted for conspiracy, was a son-in-law of the defendants, living in the family in altogether harmonious relations; .there was nothing unnatural therefore in the defendants securing his bail.

As to the ability of. Mr. and Mrs. Goldstein to deposit in cash the amount of money required by the Trust Company before it would furnish the bail bond, I have no doubt. The testimony of the Rabbi, of customers and others upon this point, together with the thrifty habits and methods of business characteristic of their race, leaves no doubt on my mind that their accumulations were considerable—apart from the direct testimony upon the subject, and in this connection let 'me say that the testimony of the son Simon, who gave a complete history of the transaction, and of the antecedent business conducted by his father and mother, was, it seemed to me, altogether straightforward, consistent and credible.

The learned counsel has pointed out some inconsistencies in the testimony of the several witnesses; undoubtedly there are such, but in my judgment only such minor ones as are almost inevitable in a long examination, extending over transactions occupying some length of time; and when it is seen that the two elder Goldsteins were ignorant of the language and could only speak through an interpreter, these inconsistencies are almost necessarily more inevitable. Nor do I think the reluctance of Mrs. Goldstein especially, to answer directly and without evasion questions put to her by the counsel for the plaintiffs, a consideration of weight; because all who have had opportunity of seeing persons of that class in court. know they always look upon opposing counsel as their natural enemies, and require strenuous pressure before a direct and complete answer can be obtained.

Without going over in detail the several minor points relied upon by the learned counsel for the plaintiffs, which, as they contend taken together, make out the chain of fraud they seek to weld, I have simply shown the general light in which it seems to me they are to be considered, and under which they lose their supposed significance; and I have not done so, because assuming every discrepancy contended for, adopting.every improbability suggested. I am of the opinion that no such "proof" of fraud has been made out as to justify a decree against the defendants. Of course, fraud cannot be— and is not expected to be—"directly proven"; it "walks in hidden ways," and generally can only be proven by circumstantial evidence; but at the same time, fraud is not to be lightly inferred, and the facts must be such as to substantially satisfy a reasonable mind of its existence, before it can be found. And, in this case, adopting as true all the facts the counsel here urged (except their conclusion therefrom), I think, "at the most," they have only made out a case of "suspicion," which they have endeavored to supply by "conjecture." 'But suspicion and conjecture do not take 'the place of proof, and can furnish no basis for a decree; and I think the plaintiff has wholly failed to maintain the onus upon him of proving fraud upon the part of the defendant, Goldsteins, and will decree accordingly.